1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Tamera Diaz,

          Plaintiff,

v.

Commissioner of Social Security Administration,

          Defendant.

No. CV-25-00476-TUC-BGM

**SCHEDULING ORDER**

Plaintiff brings this action for review of the determination of the Commissioner of the Social Security Administration (the "Commissioner"). This action is governed by the Federal Rules of Civil Procedure, including the Supplemental Rules for Social Security ("Supplemental Rules"), and the Local Rules of Civil Procedure. The Clerk of Court assigned this case to the expedited track pursuant to Local Rule of Civil Procedure 16.2(b)(1)(A)(i). In accordance with LRCiv 16.2(b)(1)(B), the Court issues this Scheduling Order without holding a scheduling conference.

**IT IS ORDERED** that the parties must fully comply with the following deadlines and procedures:

**I.**    **Briefing Requirements Contained in LRCiv 16.1.** The parties must fully comply with LRCiv 16.1 and the Supplemental Rules:

    **(a) Opening Brief.** Within thirty (30) days after the answer is filed or thirty (30) days after entry of an order disposing of the last remaining motion filed under Rule 4(c) of the Supplemental Social Security Rules, whichever is later, Plaintiff must file an opening brief addressing why the Commissioner's

decision is not supported by substantial evidence or why the decision should otherwise be reversed or the case remanded.[1]  Plaintiff's opening brief must set forth all alleged errors.  The brief must also contain, under appropriate headings and in the order indicated below, the following:

(1)  A statement of the issues presented for review, set forth in separate numbered paragraphs.

(2)  A statement of the case.  This statement should indicate briefly the course of the proceedings and its disposition at the administrative level.

(3)  A statement of facts.  This statement of the facts must include Plaintiff's age, education, and work experience; a summary of the physical and mental impairments alleged; a brief outline of the medical evidence; and a brief summary of other relevant evidence of record.  Each statement of fact must be supported by reference to the page in the record where the evidence may be found.

(4)  An argument.  The argument, which may be preceded by a summary, must be divided into sections separately treating each issue.  Each contention must be supported by specific reference to the portion of the record [by reference to specific page numbers] relied upon and by citations to statutes, regulations, and cases supporting Plaintiff's position.  If any requested remand is for the purpose of taking additional evidence, such evidence must be described in the opening brief, and Plaintiff's argument must show that the additional evidence is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.  If such additional evidence is in the form of a consultation examination sought at Government expense, Plaintiff's opening brief must make a proffer of the nature of the evidence to be obtained.

(5)  A short conclusion stating the relief sought.

**(b)  Answering Brief**.  Defendant must file an answering brief within thirty (30) days after service of Plaintiff's opening brief.  Defendant's brief must (1) respond specifically to each issue raised by Plaintiff and (2) conform to the requirements set forth above for Plaintiff's brief, except that a statement of the issues, a statement of the case and a statement of the facts need not be made unless Defendant is dissatisfied with Plaintiff's statement thereof.

---

[1] "An answer may be limited to a certified copy of the administrative record, and to any affirmative defenses under Civil Rule 8(c)."  Fed. R. Civ. P. SUPP SS 4.

**(c) Reply Brief.** Plaintiff may file a reply brief within fourteen (14) days after service of Defendant's brief.

**(d) Length of Briefs.** Unless otherwise ordered by the Court, the opening and answering briefs may not exceed twenty-five (25) pages, including any statement of facts, with the reply brief limited to eleven (11) pages. The case will be deemed submitted as of the date on which Plaintiff's reply brief is filed or due.

LRCiv 16.1(a)–(d) (emphasis added).

## II.    Warnings

In *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), the United States Court of Appeals for the Ninth Circuit explained that the Commissioner's decision to deny benefits would be overturned "only if it is not supported by substantial evidence or is based on legal error." A general allegation that the Commissioner committed legal error, or that the Commissioner's determination is not supported by substantial evidence, is insufficient to raise that issue for review. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief."). Additionally, if either party fails to timely file a brief in full compliance with this Order, the Court may strike the non-complying brief, dismiss the case, or remand to the agency, as appropriate. *See generally* Fed. R. Civ. P. 41(b).

Dated this 22nd day of August, 2025.

Honorable Bruce G. Macdonald
United States Magistrate Judge